Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISS LAW**
8383 Wilshire Blvd., Suite 935
Beverley Hills, CA 90211
Telephone: 310/208-2800
Facsimile:  310/209-2348

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN BUSHANSKY,<br><br>Plaintiff,<br><br>vs.<br><br>SUMO LOGIC, INC., SANDRA E. BERGERON, RANDY S. GOTTFRIED, JOHN D. HARKEY, JR., TRACEY NEWELL, JOSEPH ANSANELLI, CHRISTIAN BEEDGEN, MARGARET FRANCIS, RAMIN SAYAR, and TIMOTHY YOUNGBLOOD,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Stephen Bushansky ("Plaintiff"), on behalf of himself and all others similarly situated, upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. This is an action brought by Plaintiff against Sumo Logic, Inc. ("Sumo" or the "Company") and the members of Sumo's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant

- 1 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

to which Sumo will be acquired by Francisco Partners Management, L.P. ("Francisco Partners") through Francisco Partners' affiliates Serrano Parent, LLC ("Parent") and Serrano Merger Sub, Inc. ("Merger Sub") (the "Proposed Transaction").

2.     On February 9, 2023, Sumo issued a press release announcing entry into an Agreement and Plan of Merger (the "Merger Agreement") to sell Sumo to Francisco Partners.  Under the terms of the Merger Agreement, each Sumo stockholder will receive $12.05 in cash for each share of Sumo common stock (the "Merger Consideration").  The Proposed Transaction is valued at approximately $1.7 billion.

3.     On March 24, 2023, Sumo filed a Schedule 14A Preliminary Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Sumo stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) Sumo's projections; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor Morgan Stanley & Co. LLC ("Morgan Stanley"); and (iii) the background of the Proposed Transaction. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.     In short, unless remedied, Sumo's public stockholders will be irreparably harmed because the Proxy Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting or appraisal decision on the Proposed Transaction.  Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

6.     The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who

has sufficient minimum contacts with this District to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company operates and maintains its principal executive offices in this District; (ii) one or more of the defendants either resides in or maintains executive offices in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Sumo.

9. Defendant Sumo is a Delaware corporation, with its principal executive offices located at 855 Main Street, Suite 100, Redwood City, California 94063. The Company provides cloud-native software-as-a-service ("SaaS") platform that enables organizations to address the challenges and opportunities presented by digital transformation, modern applications, and cloud computing worldwide. Sumo's common stock trades on the Nasdaq Global Select Market under the ticker symbol "SUMO."

10. Defendant Sandra E. Bergeron ("Bergeron") has been a director of the Company since March 2020.

11. Defendant Randy S. Gottfried ("Gottfried") has been a director of the Company since February 2019.

12. Defendant John D. Harkey, Jr. ("Harkey") has been a director of the Company since May 2022.

13. Defendant Tracey Newell ("Newell") has been a director of the Company since December 2020.

14. Defendant Joseph Ansanelli ("Ansanelli") has been a director of the Company since May 2013.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

15. Defendant Christian Beedgen ("Beedgen") is a co-founder of Sumo Logic and has been Chief Technology Officer and a director of the Company since its founding.

16. Defendant Margaret Francis ("Francis") has been a director of the Company since September 2021.

17. Defendant Ramin Sayar ("Sayar") has been President, Chief Executive Officer ("CEO"), and a director of the Company since December 2014.

18. Defendant Timothy Youngblood ("Youngblood") has been a director of the Company since November 4, 2022.

19. Defendants identified in paragraphs 10-18 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

20. Francisco Partners is a leading global investment firm that specializes in partnering with technology businesses. Since its launch over 20 years ago, Francisco Partners has invested in over 400 technology companies, making it one of the most active and longstanding investors in the technology industry. With approximately $45 billion in capital raised to date, Francisco Partners invests in opportunities where its deep sectoral knowledge and operational expertise can help companies realize their full potential.

21. Parent is a Delaware limited liability company and an affiliate of Francisco Partners.

22. Merger Sub is a Delaware corporation and a wholly owned subsidiary of Parent.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

23. Sumo provides a SaaS analytics platform for reliable and secure cloud-native applications, helping customers ensure application reliability, secure and protect against modern security threats, and gain insights into their cloud infrastructure. The Company's Continuous Intelligence Platform is a cloud-native, multi-tenant, secure service that customers leverage to enable reliability and security of their cloud applications and cloud workloads. Sumo built its platform as a modern, cloud-native, microservices application that implements security-first principles. The

platform was originally built to address complex, unstructured log data at massive scale, optimizing data ingestion and processing while providing powerful analytics. Over time, the Company extended its platform to other types of machine data for full stack observability and security analytics. Sumo's two primary offerings for customers to leverage its platform are (i) its observability solution and (ii) its security solution.

24.     On March 7, 2023, Sumo announced its fourth quarter and fiscal year 2023 financial results and business developments. Revenue for the quarter was $79.8 million, an increase of 19% year over year. Fiscal year 2023 revenue was $300.7 million, an increase of 24% year over year. Annual Recurring Revenue was $301.6 million, an increase of 17% year over year.

**The Proposed Transaction**

25.     On February 9, 2023, Sumo issued a press release announcing the Proposed Transaction. The press release states, in relevant part:

> REDWOOD CITY, Calif., Feb. 09, 2023 (GLOBE NEWSWIRE) -- Sumo Logic (Nasdaq: SUMO), the SaaS analytics platform to enable reliable and secure cloud-native applications, today announced that it has entered into a definitive agreement (the "Agreement") to be acquired by affiliates of Francisco Partners, a leading global investment firm that specializes in partnering with technology businesses, for $12.05 per share in cash. The all-cash transaction values Sumo Logic at an aggregate equity valuation of approximately $1.7 billion.
>
> Under the terms of the Agreement, Sumo Logic stockholders will receive $12.05 per share in cash. This represents a premium of approximately 57% to Sumo Logic's unaffected closing stock price on January 20, 2023, the last full trading day prior to media reports regarding a possible transaction. Upon completion of the transaction, Sumo Logic will become a private company with enhanced ability to expand its market opportunity, innovate on its critical solutions, accelerate growth, and further its vision.
>
> "Since founding Sumo Logic in 2010, we have created a trusted, cloud-native, SaaS analytics platform for observability and security, enabling our customers to transform complexity into insights and accelerate their cloud transformation adoption," said Ramin Sayar, President and CEO of Sumo Logic. "Today's announcement represents a compelling outcome for our stockholders. We are delighted at the prospect of partnering with Francisco Partners in the next phase of Sumo Logic's journey."
>
> Added Chuck Robel, Lead Independent Director of the Sumo Logic Board of Directors, "The Sumo Logic Board conducted a thorough evaluation of strategic alternatives and spoke with a number of strategic and financial partners. The transaction with Francisco Partners delivers a substantial premium and a compelling cash value to our stockholders. The Board unanimously determined that this transaction maximizes stockholder value and represents the best path forward for Sumo Logic and recommended that stockholders vote in favor of the transaction."

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

"Sumo Logic is ideally positioned to capitalize on the large and growing demand from enterprises for observability and security solutions," said Brian Decker and Evan Daar, Partners at Francisco Partners. "Its leading, cloud-native, analytics platform provides the scalability and insights required as applications and data proliferate in today's digital world. We look forward to partnering with Sumo Logic to drive accelerated growth and continue its long heritage of product innovation."

"We are excited to invest in Sumo Logic and support its mission to make the world's digital experiences reliable and secure," added Karl Shum, a Principal at Francisco Partners.

**Transaction Details, Approvals and Timing**

The transaction, which was unanimously approved by the Sumo Logic Board, is expected to close in the second calendar quarter of 2023, subject to customary closing conditions, including approval by Sumo Logic stockholders and the receipt of required regulatory approvals.

Upon completion of the transaction, Sumo Logic's common stock will no longer be listed on any public market.

**Advisors**

Morgan Stanley & Co. LLC is serving as sole financial advisor to Sumo Logic, and Wilson Sonsini Goodrich & Rosati, Professional Corporation is serving as legal counsel.

Kirkland & Ellis LLP is serving as legal counsel to Francisco Partners.

**Insiders' Interests in the Proposed Transaction**

26.     Sumo insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Sumo.

27.     Notably, Company insiders stand to reap substantial financial benefits for securing the deal with Francisco Partners. Pursuant to the Merger Agreement, all outstanding Company options, restricted stock units ("RSUs"), and performance-based restricted stock units ("PSUs") held by Company insiders will vest and convert into the right to receive cash payments. The following table sets forth the value of cash payments that Company insiders stand to receive with respect to their ordinary shares and Company equity awards:

| Name | Shares of Common Stock Held Directly(1) | | In-the-Money Vested Sumo Logic Options(2) | | In-the-Money Unvested Sumo Logic Options(3) | | Sumo Logic RSUs(4) | | |
|---|---|---|---|---|---|---|---|---|---|
| | Number of Shares (#) | Value of Shares ($) | Number of Shares Subject to Vested Portion (#) | Value of Shares Subject to Vested Portion ($) | Number of Shares Subject to Unvested Portion (#) | Value of Shares Subject to Unvested Portion ($) | Number of Shares (#) | Value ($) | Total ($) |
| Ramin Sayar | 244,437 | 2,945,466 | 3,318,351 | 33,490,625 | 9,492 | 79,448 | 530,388 | 6,391,175 | 42,906,714 |
| Stewart Grierson | 64,520 | 777,466 | — | — | — | — | 360,000 | 4,338,000 | 5,115,466 |
| Suku Krishnaraj Chettiar | 75,453 | 909,209 | 592,463 | 5,918,580 | — | — | 239,852 | 2,890,217 | 9,718,005 |
| Lynne Doherty | 74,231 | 894,484 | — | — | — | — | 392,273 | 4,726,890 | 5,621,373 |
| Katherine Haar | 63,076 | 760,066 | 427,500 | 3,578,175 | — | — | 144,451 | 1,740,635 | 6,078,875 |
| Joseph Ansanelli | 293,603 | 3,537,916 | — | — | — | — | 39,131 | 471,529 | 4,009,445 |
| Christian Beedgen | 2,055,044 | 24,763,280 | 751,965 | 7,299,194 | — | — | 210,140 | 2,532,187 | 34,594,661 |
| Sandra E. Bergeron | 79,901 | 962,807 | — | — | — | — | 59,956 | 722,470 | 1,685,277 |
| Margaret Francis | 4,972 | 59,913 | — | — | — | — | 38,137 | 459,551 | 519,463 |
| Randy S. Gottfried | 10,666 | 128,525 | 250,000 | 2,092,500 | — | — | 29,475 | 355,174 | 2,576,199 |
| John D. Harkey, Jr. | 367,095 | 4,423,495 | — | — | — | — | 34,236 | 412,544 | 4,836,039 |
| William D. (BJ) Jenkins, Jr.(5) | 321,455 | 3,873,533 | — | — | — | — | — | — | 3,873,533 |
| Tracey Newell | 21,360 | 257,388 | — | — | — | — | 34,995 | 421,690 | 679,078 |
| Charles J. Robel(6) | 46,447 | 559,686 | 300,000 | 2,700,000 | — | — | 46,702 | 562,759 | 3,822,445 |
| Timothy Youngblood | — | — | — | — | — | — | 41,039 | 494,520 | 494,520 |

28.  Moreover, if they are terminated in connection with the Proposed Transaction, Sumo's named executive officers stand to receive substantial cash severance in the form of golden parachute compensation, as set forth in the following table:

| Name | Cash ($)(2) | Equity ($)(3) | Perquisites/ Benefits ($)(4) | Total ($)(5) |
|---|---|---|---|---|
| Ramin Sayar | 1,350,000 | 6,470,623 | 53,018 | 7,873,641 |
| Stewart Grierson | 650,000 | 4,338,000 | 42,765 | 5,030,765 |
| Suku Krishnaraj Chettiar | 490,000 | 2,890,217 | 42,765 | 3,422,982 |
| Lynne Doherty | 850,000 | 4,726,890 | 30,037 | 5,606,927 |
| Katherine Haar | 495,000 | 1,740,635 | 11,213 | 2,246,848 |

**The Proxy Statement Contains Material Misstatements or Omissions**

29.  The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Sumo's stockholders. The Proxy Statement misrepresents or omits

material information that is necessary for the Company's stockholders to make an informed decision whether to vote in favor of the Proposed Transaction or seek appraisal.

30. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) Sumo's projections; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Morgan Stanley; and (ii) the background of the Proposed Transaction.

***Material Omissions Concerning Sumo's Projections.***

31. The Proxy Statement omits material information regarding Sumo's financial projections.

32. For example, the Proxy Statement sets forth:

> As part of Sumo Logic's evaluation of strategic alternatives (including continuing as an independent public company), Sumo Logic management prepared and reviewed with the Corporate Governance Committee and the Sumo Logic Board unaudited prospective financial information for fiscal years 2024 through 2026 contained in the January 2023 long-range plan, together with extrapolations for fiscal years 2027 through 2033 (the "extrapolations"). The extrapolations for fiscal year 2027 were prepared by Sumo Logic management. The extrapolations for fiscal years 2028 through 2033 were prepared by Morgan Stanley at the direction of the Corporate Governance Committee and were reviewed and approved by Sumo Logic management.

Proxy Statement at 57. The Proxy Statement fails, however, to disclose (i) the assumptions underlying the extrapolation made to Sumo's projections.

33. Additionally, the Proxy Statement fails to disclose Sumo's net operating losses.

34. The omission of this material information renders the statements in the "Projections" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Morgan Stanley's Financial Analyses***

35. The Proxy Statement omits material information regarding Morgan Stanley's financial analyses.

36. The Proxy Statement describes Morgan Stanley's fairness opinion and the various valuation analyses they performed in support of its opinion. However, the descriptions of Morgan

Stanley's fairness opinion and analyses fail to include key inputs and assumptions underlying these analyses. Without this information, as described below, Sumo's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Morgan Stanley's fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal.

37. With respect to Morgan Stanley's *Public Trading Comparables Analysis*, the financial multiples and metrics for each of the selected companies analyzed.

38. With respect to Morgan Stanley's *Discounted Equity Value Analysis*, (i) quantification of Sumo's future net cash estimate used in the analysis; (ii) sumo's estimated future shares outstanding; and (iii) quantification of the inputs and assumptions underlying the discount rate of 13.1%.

39. With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) quantification of the inputs and assumptions underlying the discount rates of 12.1% to 14.1% used in the analysis; (ii) quantification of the Sumo's net cash as of February 3, 2023; and (iii) quantification of the net present value of Sumo's net operating losses.

40. Without such undisclosed information, Sumo stockholders cannot evaluate for themselves whether the financial analyses performed by Morgan Stanley were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that a positive fairness opinion could be rendered in connection with the Proposed Transaction. In other words, full disclosure of the omissions identified above is required to ensure that stockholders can fully evaluate the extent to which Morgan Stanley's opinion and analyses should factor into their decision whether to vote in favor of or against the Proposed Transaction or seek appraisal.

41. The omission of this material information renders the statements in the "Opinions of Morgan Stanley & Co. LLC" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning the Background of the Proposed Transaction*

42. The Proxy Statement omits material information regarding the sale process leading to the Proposed Transaction.

43. For example, the Proxy Statement fails to disclose:

- The input provided by the Corporate Governance Committee on December 27, 2022, to Sumo management with respect to refining the preliminary long-range operating plan; and
- The advice provided by the Board on January 6, 2023, to Sumo management with respect to refining the preliminary long-range operating plan.

44. The omission of this material information renders the statements in the "Background of the Merger" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

45. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of Sumo will be unable to make an informed voting or appraisal decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

46. Plaintiff repeats all previous allegations as if set forth in full.

47. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, considering the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

48. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresents and/or omits material facts, including material information about Sumo's projections, the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Morgan Stanley, and the background of the Proposed Transaction. The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

49. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction or seek to exercise their appraisal rights.

50. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

51. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Claims Against the Individual Defendants for
Violations of Section 20(a) of the Exchange Act**

52. Plaintiff repeats all previous allegations as if set forth in full.

53. The Individual Defendants acted as controlling persons of Sumo within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Sumo, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

54. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or

shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

55.  Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy Statement.

56.  In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

57.  By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

58.  As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Sumo's stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Sumo, and against defendants, as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Sumo stockholders;

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: March 31, 2023

**WEISS LAW**
Joel E. Elkins

By: /s/Joel E. Elkins

Joel E. Elkins (SBN 256020)
8383 Wilshire Blvd., Suite 935
Beverley Hills, CA 90211
Telephone: 310/208-2800
Facsimile: 310/209-2348
     -and-
Michael Rogovin
476 Hardendorf Ave. NE
Atlanta, GA 30307
Telephone: 404/692-7910
Facsimile: 212/682-3010

*Attorneys for Plaintiff*

- 13 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS